## UNITED STATES

v.

**Private (E–1) Raleigh PROWELL, 263–48–1158, U S Army, Personnel Control Facility, United States Army School/Training Center and Fort Gordon, Fort Gordon, Georgia 30905.**

### CM 431952.

U. S. Army Court of Military Review.

27 Aug. 1975.

---

Appellate counsel for the Accused: CPT James E. Heath, JAGC; CPT Le Roy W. Robinson, Jr., JAGC; CPT Michael R. Caryl, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC.

Appellate counsel for the United States: CPT Keith H. Jung, JAGC; CPT Joel M. Martel, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

Before CARNE, Senior Judge, and MITCHELL and MOUNTS, Judges.

PER CURIAM:

The appellant was convicted of the offense of desertion terminated by apprehension in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885. The approved sentence is shown above.

We find that the military judge properly denied the defense's requested continuance and proceeded with the trial in absentia since appellant was voluntarily absent after arraignment. (*United States v. Houghtaling*, 2 U.S.C.M.A. 230, 8 C.M.R. 30 (1953)). The military judge failed, however, to instruct the members of the court prior to findings that they could draw no inference as to the accused's guilt by the fact of his absence at the trial. The military judge had stated at an out-of-court hearing prior to instructions on findings that he would give such an instruction. The military judge did not give such an instruction either prior to findings, or prior to sentencing. Despite a lack of objection by the trial defense counsel the failure to so instruct was error and is not waived by the defense's failure to object. (*United States v. Condon*, 42 C.M.R. 421 (A.C.M.R. 1970)). There is a fair risk from the evidence of record that the court members may have drawn an inference from the appellant's absence at trial that he did in fact intend to permanently remain absent from the service as alleged in the offense at bar. This Court, however, sees no prejudice to the appellant in affirming the lesser included offense of absence without leave. This lesser included offense is a general intent offense which is clearly proven beyond a reasonable doubt from the evidence of record.

**614**

Since the evidence proving the lesser offense is so undisputable, we find that the noted instruction failure prior to findings presents no risk of prejudice to the appellant as to this offense.

Therefore, only so much of the findings of guilty are affirmed as finds that the appellant did, during the times alleged, absent himself without authority, from the organization alleged, in violation of Article 86, Uniform Code of Military Justice.

As previously noted, the failure to properly instruct the court members prior to sentencing to draw no inference from the accused's absence was error. In addition, the appellant's DA Form 20 was admitted into evidence in error since the offense was committed prior to 1 August 1969. It does not appear that the appellant was prejudiced by this procedure as the derogatory information contained therein was also properly admitted as previous convictions in Prosecution Exhibit Number 3. In any event, this Court will take into consideration any possible prejudice as to this error in reassessing the sentence.

Reassessing the sentence on the basis of the above-indicated errors and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for nine (9) months and forfeiture of all pay and allowances.